Filed 5/13/25  P. v. Vaca CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE CORTEZ VACA,<br><br>    Defendant and Appellant. | F087979<br><br>(Super. Ct. No. BF166704A)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Lewis A. Martinez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

–ooOoo–

---

*Before Hill, P. J., Peña, J. and Snauffer, J.

**INTRODUCTION**

In September 2017, defendant Jose Cortez Vaca pleaded no contest to assault with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2)) and admitted he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)) in exchange for a seven-year middle term sentence for the assault charge and a low term of three years for the firearm enhancement (total aggregate term of 10 years). In March 2024, defendant filed a "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1," which the court denied in a written order stating, "Court declines request by defendant."

On appeal, defendant contends the trial court abused its discretion in denying his request for relief. He concludes the matter must be remanded so the court may exercise its informed discretion. The People argue the order is not appealable and, irrespective, defendant has not established the court misunderstood its sentencing discretion.

We dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2017, defendant pleaded no contest to assault with a semiautomatic firearm (Pen. Code, § 245, subd. (d)(2); count 2) and admitted he personally used a firearm during the commission of the offense (§ 12022.5, subd. (a)). Pursuant to the plea agreement, defendant was sentenced to a fixed term of 10 years in prison: seven years (the middle term) for the assault with a semiautomatic firearm count and three years for the section 12022.5, subdivision (a) firearm enhancement.

On March 26, 2024, defendant filed a form "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." Under a part titled "Statement of Eligibility," he checked boxes indicating he was eligible for consideration of a new sentence under Assembly Bill No. 600 and Penal Code section 1172.1 based on Senate Bill No. 567's changes to sections 1170 and 1170.1, and Senate Bill No. 620's changes to sections 12022.5 and 12022.53. Under a separate part titled

"Reasons to Grant Relief," he asserted he has attended every self-help program that the California Department of Corrections and Rehabilitation (CDCR) offers. He also stated that "the rehabilitative changes [he has] made while incarcerated [have] given [him] a new perspective in life," he "continue[s] to make amends and positive changes," and has "taken full responsibility" for his actions. He noted the passage of Assembly Bill No. 2942 and Senate Bills Nos. 620 and 81. He further asserted the abuse and "traumatizing occurrences" he experienced as a child "contributed to [his] ill-decision making," and he joined a gang "due to neglect in [his] chaotic household."

The next day, on March 27, 2024, the court issued a written order denying defendant's request stating, "Court declines request by defendant."

## DISCUSSION

Defendant appeals from the court's order denying his request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600) and Penal Code section 1172.1. He contends the order is appealable and remand is required because there is no indication the trial court was aware of its discretion to recall his sentence on its own motion. For the reasons discussed *post*, we conclude the appeal must be dismissed.

## I.      Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339), or proceed by way of a special statutory procedure (e.g., Pen. Code, §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1119.)

3.

Penal Code section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the CDCR recommends resentencing.  (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)  Assembly Bill 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)  Accordingly, effective January 1, 2024, section 1172.1, subdivision (a) provides the court may, "*on its own motion*, … *at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (Italics added.)

Notably, Penal Code section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section."  (*Ibid*.)  Additionally:  "If a defendant requests consideration for relief under this section, the court is not required to respond."  (*Ibid*.)

## II.    Analysis

Defendant argues the court had jurisdiction to revisit his sentence, and its order declining to do so "plainly affected [defendant's] substantial rights.  Accordingly, he contends, the court's denial of his request is appealable.[1]  He further contends "the trial

---

[1]Before the parties filed briefing in this matter, we issued an order directing them to address "whether the trial court had jurisdiction to rule on defendant's Penal Code section 1172.1 petition below and whether the court's order on defendant's petition for relief in the above entitled matter is an appealable postjudgment order that affects appellant's substantial rights."

court's one-line order illuminated nothing about the trial court's understanding of its jurisdiction" and that certain new legislation "would plainly have benefitted [defendant]" casts "doubt on the trial court's understanding of its jurisdiction to consider that legislation in a resentencing context when the trial court summarily denied the request." Thus, he challenges the presumption the court understood its discretion and "properly opted to obviate acts of legislative mercy and policy measures addressing the costs of incarceration." The People assert the court's order denying defendant's request is not appealable. They contend because the Legislature, through the express language of Penal Code section 1172.1, subdivision (c), declined to grant any cognizable right to resentencing upon request of a defendant, the denial of such an invitation is not an order after judgment affecting a substantial right under section 1237, subdivision (b). They assert a right to appeal is "wholly inconsistent" with the directive in section 1172.1, subdivision (c) that the trial court need not respond to a defendant's request for relief. They argue this conclusion is reinforced by the language of section 1172.1, subdivision (d), which expressly limits the requirement a defendant be advised of his appellate rights where he was referred for resentencing. They contend *People v. Loper*, *supra*, 60 Cal.4th 1155 does not compel a different result as the circumstances of that case are distinct because the proceedings there were "properly initiated." Alternatively, they argue that even if we consider the appeal on its merits, the court's order must be affirmed because defendant fails to show the court misunderstood its sentencing discretion. We agree with the People that the appeal must be dismissed.

"""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Penal Code section 1172.1 does not address whether

---

We specifically directed the parties to address the California Supreme Court's opinion in *People v. Loper* (2015) 60 Cal.4th 1155 in their discussion regarding appealability.

5.

a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal v. Superior Court*, at p. 598.)

But here, we cannot conclude the court's order denying defendant's request that it initiate recall and resentencing on its own motion pursuant to Penal Code section 1172.1 constitutes an appealable order. That is, we cannot conclude it affected defendant's substantial rights. Rather, by stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).)

Accordingly, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.